UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

APRIL LEON, o/b/o J.E.V.,

        Plaintiff,

  -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

**DECISION and ORDER**
**No. 1:15-cv-00914(MAT)**

---

**INTRODUCTION**

    Represented by counsel, April Leon ("Plaintiff") brought this action on behalf of her infant son ("J.E.V." or "Claimant") pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner")[1] denying J.E.V.'s application for Supplemental Security Income ("SSI"). On February 28, 2018, the Court issued a Decision and Order reversing the Commissioner's decision because it was legally erroneous and unsupported by substantial evidence. The claim was remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Nancy A. Berryhill ("Berryhill") became the Acting Commissioner of Social Security on January 20, 2017. However, she is no longer serving in this capacity. Therefore, the Clerk of Court is directed to substitute "The Commissioner of Social Security" for Berryhill as the defendant in this action. See 20 C.F.R. § 422.210(d).

Plaintiff has filed a timely Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA") (ECF #20-1). The Commissioner filed a Memorandum of Law in Opposition (ECF #22) arguing that her position was "substantially justified" and therefore a fee award is not permitted under the EAJA. The Commissioner argues, in the alternative, that should the Court find a fee award to be appropriate, it also should reduce the amount awarded because Plaintiff's request is excessive. Plaintiff filed a Reply (ECF #24).

The matter is now fully submitted and ready for decision. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

**DISCUSSION**

**I. Prerequisites to an Award of Attorney's Fees Under the EAJA**

The EAJA "provides that a court shall award attorney's fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Aston v. Sec'y of Health and Human Servs., 808 F.2d 9, 10 (2d Cir. 1986) (citing Int'l Woodworkers of Am. v. Donovan, 769 F.2d 1388, 1390 (9th Cir. 1985)). Thus, to qualify for an award of attorney's fees under the EAJA, a claimant must demonstrate that (1) she is a "prevailing party;" (2) the government's position in

the underlying action was not "substantially justified;" (3) no "special circumstances" make the award of fees unjust; and (4) the fee application was submitted to the court within 30 days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(A).

**A.   Timeliness**

The Court finds that Plaintiff's fee application was timely, insofar as it was filed on May 28, 2018, which was within 30 days of the date of entry of the final judgment in this action, May 29, 2018.

**B.   Prevailing Party**

Furthermore, Plaintiff, who secured a remand pursuant to sentence four of 42 U.S.C. § 405(g), qualifies as a "prevailing party." See Shalaha v. Schaefer, 509 U.S. 292, 301 (1993) ("No holding of this Court has ever denied prevailing party status . . . to a plaintiff who won a remand order pursuant to sentence four of [42 U.S.C.] § 405(g).").

**C.   Whether The Commissioner's Position Was "Substantially Justified"**

The Commissioner bears the burden of making a "strong showing" that its position in the underlying civil action was "substantially justified." Sotelo-Aquije v. Slattery, 62 F.3d 54, 57 (2d Cir. 1995). To successfully oppose an application for attorney's fees under the EAJA by demonstrating that its position was "substantially justified," the Commissioner must make a "strong showing" that her decision was "reasonable." Cohen v. Bowen, 837

F.2d 582, 585 (2d Cir. 1988) (citing Environmental Defense Fund, Inc. v. Watt, 722 F.2d 1081, 1085 (2d Cir. 1983)). Defendant's position can be justified even though it is incorrect, however. Pierce v. Underwood, 487 U.S. 552, 564 (1988). In Pierce, the Supreme Court explained that "substantially justified" "has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or 'if reasonable people could differ as to [the appropriateness of the contested action][.]'" Id. at 564 (internal and other quotations and citations omitted). Therefore, the Supreme Court concluded, the connotation of the word "substantially" that is "most naturally conveyed by the phrase [substantially justified]" is not "'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Id. Substantially justified "means, of course, more than merely undeserving of sanctions for frivolousness." Id. at 566.

In its Decision and Order directing that J.E.V.'s claim be remanded, the Court agreed that the ALJ's finding that J.E.V. did not have a marked impairment in attending and completing tasks was too cursory to allow for meaningful judicial review, and was not based on substantial evidence because it relied on a misreading of the record. The Court further noted that the ALJ's decision in this regard did not give an accurate representation of the complete

record and left the Court to speculate as to how the ALJ reconciled the disparate opinions offered by one of J.E.V.'s teachers, the consultative psychologist, and the State agency psychiatric review consultant. The Court rejected the Commissioner's post hoc attempt to supply a rationale for the ALJ's decision on this point. Remand also was found to be warranted because the ALJ's findings with regard to the domains of caring for oneself and interacting and relating with others were internally inconsistent, thereby frustrating meaningful appellate review.

As Plaintiff argues, instead of demonstrating that its position was substantially justified, the Commissioner continues to litigate the same arguments she presented to this Court in connection with Plaintiff's appeal. The Commissioner first argues that she reasonably relied on the remainder of the ALJ's decision to supplement the ALJ's insufficient explanation for its finding as to the domain of attending and completing tasks. The Court did not simply find that the ALJ's reasoning was too cursory to allow meaningful appellate review, but also that the ALJ misrepresented the record with regard to the efficacy of one of J.E.V.'s medications. The Court already has considered this argument and explained why it is not meritorious, including that the ALJ prefaced his analysis in the domain of attending and completing tasks in such a way that it was not clear whether he was incorporating any prior discussion.

The Commissioner also argues that she reasonably took the position that the ALJ's decision was not internally inconsistent. Again, the Court finds that the Commissioner is relitigating an argument which the Court previously found unavailing. Moreover, as Plaintiff points out, the Commissioner seems to misapprehend the Court's reasoning. The Court did not conclude that the ALJ's finding of a marked impairment in the domain of caring for self was internally inconsistent with a finding of no marked impairment in the domain of interacting with others. Instead, the Court found that the ALJ treated evidence of J.E.V.'s temper tantrums as evidence of a marked impairment in the domain of caring for self but, in analyzing the domain of interacting with others, suggested that J.E.V.'s temper tantrums were not that severe. In finding that some explanation was required to explain this inconsistent treatment of the same evidence, the Court cited numerous cases standing for the proposition that an adjudicator's internally contradictory treatment of significant evidence conclusions requires remand to explain the inconsistency.

The Court finds that Commissioner did not have then, and does not have now, any reasonable basis in law or fact to oppose remand. See Padula v. Colvin, 602 F. App'x 25, 27 (2d Cir. 2015) (summary order) ("[T]he Commissioner continues to urge a view of the evidence suggesting that it should have prevailed on the merits of the prior appeal, but this reprise of arguments we previously found

unavailing is insufficient on its own to show that her 'position . . . had a reasonable basis in both law and fact.'") (quoting Federal Election Comm'n v. Political Contributions Data, Inc., 995 F.2d 383, 386 (2d Cir. 1993) (in turn citing Pierce, 487 U.S. at 556 & n. 2)).

**D. "Special Circumstances"**

The Commissioner does not argue that "special circumstances" make an award of fees unjust but does contend that Plaintiff's fee request is excessive and should be reduced. This will be addressed in the following section.

**II. Reasonableness of Plaintiff's Fee Request**

Once a party has established entitlement to fees under the EAJA, the court must calculate what constitutes a reasonable attorney's fee using the "lodestar approach". Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (citing Blanchard v. Bergeron, 489 U.S. 87, 94 (1989); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "Under this approach, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate for attorneys and paraprofessionals." Id.

The Supreme Court has explained that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The [attorney] should exercise 'billing judgment' with respect to hours worked . . . and should maintain billing time records in a manner that will

enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 433 (citing Nadeau v. Helgemoe, 581 F.2d 275, 279 (1st Cir. 1978)). Courts should exclude from the initial fee calculation hours that were not reasonably expended, included excessive, redundant, or otherwise unnecessary work. Hensley, 461 U.S. at 434.

**A.  Reasonableness of the Hourly Rate**

The EAJA was amended in March 1996, to provide that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); see also Kerin v. U.S. Postal Serv., 218 F.3d 185, 189 (2d Cir. 2000) ("The current cap of $125 per hour applies to all civil cases commenced on or after March 29, 1996.") (citations omitted). The method for determining the attorney's hourly rate involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set on March 29, 1996. Kerin, 218 F.3d at 194 (citations omitted); Trichillo v. Sec'y of Health & Human Servs., 647 F. Supp. 125, 127 (N.D.N.Y. 1986) (cost of living adjustment should be computed from date that EAJA provisions went into effect) (citing Hirschey v. F.E.R.C., 777 F.2d 1, 5 n. 24 (D.C. Cir. 1985)), aff'd sub nom. Trichilo v. Sec'y of Health & Human Servs., 823 F.2d 702 (2d Cir. 1987).

Further, because work on this case began in 2015 and continued until 2018, the hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed. Kerin, 218 F.3d at 194 (citing Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 711–13 (D.C. Cir. 1997) (holding that cost of living adjustment should be made using a different hourly cap for each year in question); Marcus v. Shalala, 17 F.3d 1033, 1039–40 (7th Cir. 1994) (same); other citations omitted).

Plaintiff arrived at an hourly rate using the CPI for April 2018, which she states is 250.546. See Plaintiff's Memorandum of Law ("Pl.'s Mem.") (ECF #20-1) at 4. Plaintiff used the "U.S. City Average" Consumer Price Index for Urban Consumers ("CPI-U"), to which the Commissioner does not object.[2] But, as the Commissioner correctly pointed out in her opposition brief, Plaintiff erred in calculating the hourly rates for 2015 and 2016 by using the April 2018 CPI for *all* hours for which she seeks payment, regardless of the year in which they were performed. However, only 1.6 hours were

---

[2] As the Commissioner points out, courts have not been entirely consistent on which CPI to use. For instance, the Second Circuit hs used the Northeastern urban area CPI. See Barwari v. Mukasey, 282 F. App'x 896, 899 (2d Cir. 2008) (unpublished opn.) ("We estimate this increase, based on the Consumer Price Index, see Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992), to be 133 per cent for the urban areas of the Northeastern United States."); see also Harris v. Astrue, 701 F. Supp. 2d 410, 413 (E.D.N.Y. 2010) (finding that it was appropriate to use consumer price index for all urban consumers ("CPI-U") "N.Y.–Northern N.J.–Long Island, NY-MJ-CT" was rather than the CPI-U "U.S. City Average" because the former was "based on the CPI-U for the district in which the Court sits"); but see Caplash v. Nielsen, 294 F. Supp.3d 123, 136 (W.D.N.Y. 2018) (Wolford, D.J.) (using the CPI for all urban areas in the United States), appeal docketed, No. 18-1523 (2d Cir. May 18, 2018).

performed by Plaintiff's attorney in 2018; the remaining 33.8 hours for which she seeks reimbursement were performed in 2015 and 2016.

In her reply brief, Plaintiff conceded that the Commissioner was correct. Accordingly, Plaintiff performed new calculations for 2015 and 2016. Plaintiff used 240.0075, which she states is the CPI for all items in 2015. See Plaintiff's Reply ("Reply") (ECF #24) at 5 & n. 5.[3] Plaintiff then cited a Bureau of Labor Statistics news release for the statement that the CPI for all items rose by 2.1 percent in 2016, and then applied that increase to the 2015 CPI she calculated (240.0075) to arrive at an estimated average CPI for 2016. See Reply at 5 & n. 6.

However, it is unclear to the Court how Plaintiff arrived at 240.0075 as the CPI in 2015, using the data in the table to which she linked in her reply brief. Following the URL cited by Plaintiff leads to a table titled "CPI-All Urban Consumers (Current Series)" on the Bureau of Labor Statistics ("BLS") website. This table does not provide an annual average but instead provides the CPI for the years 2008 to 2018 by month. Using the data in that table, and averaging each month's CPI for the year 2015, the Court arrived at an annual average CPI of 237.017.[4] With regard to 2016, using the data in that table, and averaging each month's CPI, the Court

---

[3] Plaintiff cites https://data.bls.gov/timeseries/CUUR0000SA0.

[4] Total of all months' CPI's in 2015 = 2844.204 ÷ 12 = 237.017.

-10-

arrived at an annual average CPI of 240.007.[5] For 2018, the table only provides CPIs through July of this year. Averaging these CPIs yields an average to date of 250.363.[6]

The Court then used these figures, in conjunction with the hourly rate cap of $125.00 set forth in the 1996 amendments to the EAJA, and the CPI for 1996 (155.7), the year in which the EAJA was amended, to arrive at the following hourly rates: $190.28 for 2015; $192.68 for 2016; and $201.01 for 2018.

**B. Reasonableness of Hours Expended**

The Commissioner does not challenge the quantity of hours billed by Plaintiff, only the hourly rate calculations used by Plaintiff in arriving at the requested fee award. In her initial application, Plaintiff requested 35.4 hours of attorney time. See Pl.'s Mem. at 5 (citing Declaration of Timothy Hiller, Esq. dated May 28, 2018 (ECF #20-2)). Plaintiff also has requested 7.0 hours for preparing the reply brief. See Reply at 6 (citing Declaration of Timothy Hiller, Esq. dated July 12, 2018 (ECF #24-1)).

"District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases." Coughlin v. Astrue, No. 06-CV-0497 NAMGJD, 2009 WL

---

[5] Total of all months' CPI's in 2016 = 2880.086 ÷ 12 = 240.007.

[6] Total of the monthly CPI's from January to July in 2018 = 1752.541 ÷ 12 = 250.363.

3165744, at *2 (N.D.N.Y. Sept. 28, 2009) (collecting cases)); see also Padula, 602 F. App'x at 28 (citing Parsons v. Comm'r of Soc. Sec., No. 07-CV-1053, 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008)). The Court finds that the 35.4 hours requested by Plaintiff is not an excessive amount for preparing the appeal and the initial fee application. However, the Court finds that 7 hours to prepare a reply brief is excessive in this case, where the majority of the reply was occasioned by Plaintiff's counsel's own errors in the initial fee application, and the reply itself lacked clarity on the basis for Plaintiff's calculations. Therefore, the Court finds that a 60 percent reduction, from the 4.4 hours initially requested by Plaintiff for preparation of the reply brief, to 2.8 hours is warranted.

The Court calculates the appropriate total fee award to be $7,388.15, as explained in the table below.

| Year Hours Expended | Number of Hours Expended | Appropriate Hourly Rate for Year | Total Fee for Year |
|---|---|---|---|
| 2015 | 3.7 | $190.28 | $704.04 |
| 2016 | 30.1 | $192.68 | $5,799.67 |
| 2018 | 4.4 | $201.01 | $884.44 |
| **GRAND TOTAL** | | | $7,388.15 |

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's Motion for Attorney's Fees Under the Equal

-12-

Access to Justice Act (ECF #20-1). Plaintiff is hereby awarded $7,388.15 in attorney's fees, with the award to be made payable to Plaintiff's counsel, provided that Plaintiff does not owe a debt subject to offset under the Treasury Offset Program.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: September 14, 2018
Rochester, New York.